**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Heartland, *et al.*, | No. CV-23-00449-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| State Farm Fire and Casualty Company, | |
| Defendant. | |

At issue is Plaintiffs Michael and Maribel Heartland's Motion to Enforce Appraisal (Doc. 29), to which Defendant State Farm Fire and Casualty Company filed a Response (Doc. 33, Resp.), and Plaintiffs filed a Reply (Doc. 34, Reply). No party requested oral argument and the Court did not find it necessary. *See* LRCiv 7.2(f). For the reasons set forth below, the Court denies Plaintiffs' Motion to Enforce Appraisal.

**I.   BACKGROUND**

On August 14, 2021, a storm damaged Plaintiffs' roof, and Plaintiffs then reported their loss to Defendant, their homeowner's insurance provider. (Doc. 1, Compl. ¶¶ 7-9.) Upon inspection, Defendant determined that five roof tiles were damaged or displaced during the storm, which allowed water to enter part of the home. (Doc. 33-1 at 56.) Defendant notified Plaintiffs that "if the Felt underneath the tiles [has] evidence of Wear, Tear, and/or Deterioration, the Homeow[n]er's Policy does NOT cover such damages since these perils are excluded under the policy." (Doc. 33-1 at 60.) Pursuant to the policy, Plaintiffs requested an appraisal to determine the value of their loss. (Compl. ¶ 11.)

Defendant agreed to participate in the appraisal process and informed Plaintiffs that the policy restricts appraisers to consider only the amount of loss of each item in dispute and does not allow appraisers to decide fact or coverage questions. (Doc. 33-1 at 64-66). Per the policy, Plaintiffs and Defendant each retained an appraiser, and the appraisers selected an umpire after failing to agree on the value. (Compl. ¶ 17.) The appraisal panel then valued the total loss at $23,035.02. (Compl. ¶ 19.) Defendant informed Plaintiffs the appraisal amount included repairs that were not covered by the policy, and Defendant would therefore only pay $9,234.18 because the award included non-covered costs to "detach and reset . . . the roof tiles to remove and replace the felt which was not damaged from a covered event but instead was damaged as a result of wear, tear & deterioration." (Doc. 33-1 at 69.)

**II.     Legal Standard**

This Court has the authority to confirm an appraisal award. *See* A.R.S. § 12-1511; 9 U.S.C. § 9; *Gahn v. Columbia Cas. Ins. Co.*, No. CV 03-630 TUC DCB, 2006 U.S. Dist. LEXIS 99296, at *1 (D. Ariz. Nov. 21, 2006). The Court may decline to confirm an appraisal award, however, under certain circumstances, including if the "arbitrators exceeded their powers." A.R.S. § 12-1511; 9 U.S.C. § 9.

**III.    ANALYSIS**

**A.      Scope of the Appraisal**

As an initial matter, the Court notes that the parties take no issue with the amount of the total loss calculated by the appraisal panel. They only disagree as to how much of that total Defendant is required to pay Plaintiffs. Plaintiffs argue Defendant must pay the entire appraisal award because the award only included damage caused by the storm, which is a covered event. (Reply at 1-2.) Defendant contends that even if the storm damaged the roof, and is generally a covered event, underlying damage precludes coverage. (Resp. at 9.) Defendant specifically asserts "the Policy does not cover . . . damage to the dwelling caused in whole *or in part* by 'wear, tear, decay, . . . deterioration or mechanical breakdown; . . . corrosion, . . . [or] wet or dry rot.'" (Resp. at 3.) (emphasis added).

An appraiser's authority is limited to the issues submitted to him. *Hanson v. Com. Union Ins. Co.*, 723 P.2d 101, 103 (Ariz. Ct. App. 1986). Here, the insurance policy restricts the appraisal panel to determine the amount of loss of each item in dispute, and states the panel has no authority to decide any other questions of fact or coverage. (Doc. 33-1 at 30.) Defendant communicated these limitations to Plaintiffs prior to starting the appraisal process. (Doc. 33-1 at 66.) Defendant also requested an itemized appraisal award to ensure the award only included covered losses. (Doc 33-1 at 65.) Accordingly, the issues Defendant and Plaintiffs submitted consisted of evaluating the loss of each item in dispute, and the panel could not resolve coverage or factual disputes.

Plaintiffs argue the appraisal was properly limited because the panel listed "Storm" as the "Type of Loss" on the appraisal award (Doc. 29-1 at 2), and the umpire stated the storm directly caused every element of damage (Doc. 29-3 ¶¶ 8-9). (Reply at 3.) Plaintiffs contend the Court should interpret the "Type of Loss" heading and the umpire's affidavit to mean "the damage was *exclusively* limited to storm damage." (Reply at 2.) (emphasis added). The umpire, however, did not state the damage was caused *exclusively* by the storm, and Defendant does not dispute that the storm may have, in part, caused the contested loss. Defendant only argues underlying damage bars coverage. (Resp. at 9.) Plaintiffs' interpretation of the appraisal assumes the panel answered questions of fact and thus, coverage, which would violate the policy.

Although the policy prohibited the panel from settling questions of fact or coverage, Plaintiffs cite several cases to argue that appraisal panels can consider causation. (Reply at 3-5.) But each case concerns an insurer's refusal to enter the appraisal process because of outstanding causation disputes, not an insurer's refusal to pay the full appraisal amount. *E.g.*, *State Farm Fire & Cas. Co. v. Harper*, 596 F. Supp. 3d 1032, 1035 (M.D. Tenn. 2022). In *Harper*, for example, State Farm denied three appraisal requests but did not dispute that the damage was a covered loss. *Id.* at 1035, 1038. Here, by contrast, Defendant agreed to enter the appraisal process and disputes that the damage was covered. The *Harper* court stated the appraisal panel could consider causation and thus required State Farm to enter the process

but noted "State Farm will remain free to raise any coverage and causation issues, including that the Harpers' alleged failure to mitigate damages is the cause of the damage." *Id.* at 1039. Ultimately, the cases Plaintiffs cite indicate only that disputes over causation should not prevent parties from starting the appraisal process. Accordingly, Plaintiffs' argument does not compel the Court to enforce their interpretation of the appraisal award. To do so would mean that the panel resolved an issue that was not submitted, was precluded by the policy, and was thus outside its authority. Therefore, the Court denies Plaintiffs' motion to enforce the appraisal award.

### B.     Attorney Fees

Defendant requests attorney fees under A.R.S. § 12-349(A) because Plaintiffs did not rely on certain policy sections and cases. (Resp. at 14.) But Defendant fails to establish that Plaintiffs abused discovery or brought their claim without substantial justification, for delay or harassment, or to delay or expand the proceeding. *See* A.R.S. § 12-349(A). The Court therefore denies Defendant's request.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion to Enforce Appraisal Award (Doc. 29).

Dated this 14th day of February, 2024.

Honorable John J. Tuchi
United States District Judge